I'm here on behalf of a panel at Central Valley Ag Enterprises. This case involves the interpretation of Section 505A2A of the Bankruptcy Code, which provides the bankruptcy court with jurisdiction to determine the amount or legality of the debtor's tax, as long as that amount or legality has not been previously contested or adjudicated by a court of competent jurisdiction. Those are the only limitations contained in this statute. This Court has concluded that a tax matter has not been contested unless there has been a petition filed in a court and the IRS has filed an answer. There's no dispute about that. This Court has also determined that there has been no adjudication unless there has been an adjudication by a court of competent jurisdiction. In this case, Central Valley never filed a petition in any court, and there's been no adjudication regarding this tax in a court. And the United States concedes these points in its brief. They don't in any way contest the fact that there hasn't been a contest or adjudication. You can get that right out of their opposition brief. The U.S. has also conceded that the analysis provided by the district court is flawed and not accurate. In the U.S. language of Section 505A2A, the Court did have jurisdiction to determine this debtor's tax liability. In an effort to save the flawed analysis engaged in by the district court, the IRS has attempted to create an issue of first impression by differentiating the difference between the amount or legality of a tax versus the reexamination of the amount or legality of partnership items as determined by the IRS appeals officer in this case. According to the U.S., Section 505A permits the court to determine the amount or legality of a tax, but does not permit the court to reexamine partnership items, which in this case are an integral part of the debtor's tax liability. In fact, they amount to $13.1 million in difference in the debtor's tax liability. So there's no support for this differentiation between partners reexamination of partnership items and as made by the U.S. in their briefs. Determination of partnership items in an effort proceeding can have a direct impact on the debtor's tax liability, and in this case, Center Valley's tax liability as a partner of the partnership. Specifically, in this case, again, the change in the partnership items made by the appeals officer resulted in an increase in the tax liability of $13.1 million. Can I stop there just a second so I make it clear? Under 505Aa1-2, it talks about whether or not previously assessed, whether or not paid, and whether or not contested, this is before and adjudicated by a judicial or administrative tribunal of competent jurisdiction. You talked about that, and we talked about nobody filed in a tax court. Right. In this case, we had an administrative proceeding, but it was an informal type, I assume, and then there was an appeal process which wasn't taken by any of the partners. Correct. Is that right? What would have happened if they had taken appeal through that process? Then someone could have then appealed that decision to the tax court or the court of claims, I think. Well, no. Center Valley did take it as far as it could up to the point of actually filing a petition in court. It went through the IRS appellate process. Well, okay. You went through the underlying administrative process. You went through all that. Correct. But you didn't go through the administrative appeal or failing there, going to the tax court or the state court of claims. Well, that is the next step would have been to file a petition in tax court or United States district court. Yeah. And that's all I'm trying to say. So when we talk about administrative tribunal, you'd have to talk about what the fact that this was not administrative tribunal that you appeared before. Right. It was not. And the United States concedes that in their brief. They concede that this process of going through the IRS appeals division is not meant to be included within this provision of the Bankruptcy Code. It wasn't a contest. There's no testimony. There's no discovery. It's just the administrative process that someone has to go through in order to get to the next step of actually going to court. But it's a little bit like arguing, well, you went to arbitration with alternative dispute resolution, and there was a time in which to file a petition to challenge the arbitration decision or not. And you didn't do that. So why isn't that arbitration decision final? Why isn't the appeals division determination final? I mean, it's got to have finality at some point, don't you think? Because Congress in the Bankruptcy Code said it's not. They implemented section 505A2A, which says that the bankruptcy court, when a debtor files bankruptcy, bankruptcy creates new rights for debtors. And it created this right to enable them to challenge a tax liability. And final determinations. Correct, unless it's been previously contested or adjudicated. Those are the limitations in the statute. And those are the only limitations in the statute. And they could have very easily put in a statute of limitation, as they did in 2005. In 2005, Congress amended section 505A2C, I believe it is, which is discussed in our brief, with respect to ad valorem taxes. And they specifically added a statute of limitation. And it specifically says, the court cannot determine the amount or legality of an ad valorem tax if the applicable period for contesting or redetermining that amount under any law has expired. So Congress can do that. It did that with respect to ad valorem taxes. It has not and has never done it with respect to a debtor's underlying tax liability in this case. Well, what I can see under TEFRA also, relative to a res judicata effect or whatever, I don't see anything that says that if you go through the first level of an administrative process, let's call that what this is, that if you fail then to appeal or if you don't go to the appeal level of that process or further on, that nevertheless, that's a final determination. There is nothing in TEFRA with respect to this situation. There is with respect to refund suits, which, again, we discussed in our reply brief. That's a different world. Yes. We're talking about partnerships and what there are various principles working. There's principles working under TEFRA with regard to partnerships. Correct. There's principles working under the Bankruptcy Code about what's going to happen on giving somebody a new chance. And when they start coming into effect and hitting each other, we hit 505A. Correct. There's no doubt that partnership items are going to come before the bankruptcy judge. If they didn't come before the bankruptcy judge, and if he couldn't look at them, then he could never determine the tax liability because all the items are line items that you use to compute the tax. That's exactly our argument, Your Honor. But it's all statutory, and that's why you've got to look at where those two principles, TEFRA or the Bankruptcy Code. And you're just arguing that whatever was said in 505A.A.2, we didn't have a final determination by a competent jurisdiction. Correct. And, again, we — Does that finish it, period? It does. There's no statute of — there's no limitation period in TEFRA which talks about this scenario. In the Bankruptcy Code, we have a situation that talks about this very scenario. But, pardon me, 150 days after the appeals division has down its opinion, say 160 days if there's been no action filed by the taxpayer either in the district court, the tax court, or the Federal Court of Claims. Why can't the IRS go out and start levying and collecting what it determines to be the tax due? Well, assuming that they have the power to do that, they could. Don't they have the power to do that? Do they have to wait around until somebody goes bankrupt or until somebody files a late claim? Well, frankly, that's one of the reasons that Central Valley Ag is in bankruptcy, which is its very result. And the fact that they now have — In answer to my question, the IRS, 160 days after the appeals division has made its adjustments and found a $13 million, whatever it was, against Central Valley, they can go out and start grabbing assets and auctioning them off. Right. Presumably they could have. Correct. And the bankruptcy proceeding was designed to say, don't do that. Let's run this through the courts. Correct. And that's what happened here. The IRS, whether they could or couldn't, they didn't. Central Valley Act filed bankruptcy, which created these new additional rights. They took advantage of 505A2A or attempted to. But the Court concluded, based on some flawed reasoning, that, again, the IRS concedes was incorrect, that it didn't have jurisdiction. And I think Your Honor's hit on the key issue here is the interplay and how TEFRA plays out with the bankruptcy code. And, again, I think it's pretty clear, at least the arguments that we've made, that the rights created by 505A2, the only limitations are the limitations contained in that statute itself. There's no all these issues about conflicts within the statutes. You're always going to have issues of conflict when you're dealing with the bankruptcy code, because the bankruptcy code gives you all these additional rights that you wouldn't otherwise have outside of bankruptcy. And they seem to balance that out because the stay doesn't apply to the other partners. Correct. So that at least to the extent that TEFRA wanted to balance up all the partners settling at the same time on the same numbers, they can continue to go along, because this bankruptcy is not going to stop that process. Right. And the regulations that are cited by the United States in the brief are those very regulations where if a particular partner of a partnership files bankruptcy, then they will consider those partnership items, nonpartnership items, in order to prevent the automatic stay from including the process from going forward. They can collect from the other people, but this person who decided that it's got to go to bankruptcy, that's going to be a different policy. Correct. They're going to go through bankruptcy. Correct. And now that partner will have the bankruptcy court or district court determine its tax liability. And in order to do that, you have to look at the partnership items. You can't determine the tax liability without looking at all the issues, particularly in this case where the partnership items are the only issue. Yeah. It would be kind of senseless, because if the partnership liabilities as determined in the administrative side produced a certain tax, when you come up top, it's going to produce the same tax unless you look at the partnership items again. That's correct, Your Honor. Unless there's an arithmetic error or something. That's correct. I don't have anything else to add unless you have any more questions. Why don't we hear from the government, and then if you've got a response, we'll hear from that. Thank you. May it please the Court, Thomas Clark on behalf of the United States. I've got a question at the outset. Why did you move to withdraw the reference? Well, that's not an issue on appeal, but I believe that's unusual. Well, I believe that, you know, in this area that was really peculiar and specific to tax law, I think that there is some law that whereby, and some standards whereby the district court does withdraw references for very specific areas that are governed under various Federal laws. I understand you had the right to make the motion. I understand the district judge withdrew the reference, as he clearly had the right to do. But absent your motion, it would have stayed in the bankruptcy court, correct? Absent the motion, it would have stayed in the bankruptcy court. So my question is, why did you make the motion? Your Honor, I'm not sure I'm prepared to answer that question here. Were you the lawyer at the time? No, I wasn't. Oh, sorry. Is there, while we're discussing this, there seems to be a different culture on the bankruptcy side versus the district court side. Well, I think the district court has more experience in seeing tax matters. It may be a matter of opinion, but there's a different culture definitely down at bankruptcy than there is sometime at the district court. And that may have been our trial attorney's thinking process. I can't vouch for that. And my question has no legal relevance to what's in front of us. Okay. All right. Well, Section 505 of the Bankruptcy Code grants the bankruptcy courts the authority to determine taxes. In doing so, however, the bankruptcy court has to apply the applicable Federal tax law or any tax law, depending on whether it's Federal, State or local. And so by way of a simple example, if an employer pays an employee $100 and then the employee goes into bankruptcy and contests the tax liability, the bankruptcy court is not free to say, well, we're only going to include $50 in your income because that way there will be more left over to distribute to the other creditors. It's got to apply the Federal law, which is $100 goes into his income. And I think the same principle applies in this case, that you have to look at the Federal tax law pertaining to partnerships. Partnerships are not subject to Federal income taxes. What they do is they file information returns on which they report the aggregate of the partnership's income, loss and deductions. And then each partner is distributed a share of each of those items. And then the applicable Federal law provides that these partnership items are to be determined at the partnership level, except as provided in that subchapter of TEFRA. It also provides that partners are required to report items on their return consistent with the partnership's return. So the partnership's return governs. So if a partnership reports on its return that the partner A's distributive share of the partnership income is $200, the partner then cannot go into another court in his own proceeding, and then, you know, absent some exception, that other court cannot say, well, we're only going to include $100 in the income of the partnership. Breyer. You're not addressing the fact that there's a gorilla in the room, and the gorilla is the Bankruptcy Code, and whether we like it or not, certain policies were developed when they put in the new code, and it's got stays that banks don't like. It's got all kinds of things in it that harass people. And so once the Bankruptcy Code gets in, the rest of the partners who are not in bankruptcy are not affected by this. It's the person who takes advantage of the Bankruptcy Code, and then you then the Bankruptcy Code will determine under its auspices what the tax law should be. But in doing so, it's got to apply the applicable Federal law. Absolutely. Okay. Now, let's look at these TEFRA provisions, which is the applicable Federal law. You know, partnership items must be determined at the partnership level. But it was determined at the partnership level. I know what you're arguing, and I read your brief. The point is that that all works until you get to 5058, and somebody in Congress in their brilliance decided this is what we're going to do when somebody files bankruptcy. It's just like the tax code. It doesn't make any sense. It's the tax code. The Bankruptcy Code doesn't make any sense. It's just the Bankruptcy Code. And when they interact, we just follow them. Okay. And let's follow it. So let's follow what happens here. I mean, you have to be, I mean, you know, we are, we said in our brief, and we still maintain, that there's really no conflict here, because partnership items is not the same thing as determining a tax liability. You know, partnership items are determined under TEFRA, and the Bankruptcy Court determines taxes. I understand that also. Okay. Tell us what you do with the interpretation of 505A when it talks about the adjudication by a judicial or administrative tribunal of competent jurisdiction. You're saying that what was happening in this case was final because they didn't appeal it? What are you saying? Now, we're not saying it wasn't final. What we're saying is that, that TEFRA is the exclusive remedy, it's exclusive in bankruptcy and everywhere else for determining partnership items. Well, that's a good statement. Now, how do you say that TEFRA is exclusive in bankruptcy? Show me that. Okay. Because, because when Congress enacted these TEFRA proceedings, these TEFRA provisions, it was not oblivious to bankruptcy law that there are two parts within the TEFRA statute where Congress referred to bankruptcy. And one of them is particularly informative here. Excuse me. Section 6229 sets the general rule that an assessment against a partner for partnership items, the delimitations period for making that assessment shall not expire before a certain date, three years after the partnership return is filed. That's the general rule of 6229. Subsection H says, if a partner files for bankruptcy, that limitations period is extended. Okay? So why is that significant? It's significant because, obviously, when Congress was writing these TEFRA provisions, it had in mind that these rules we're writing here now, well, they might have some effect in bankruptcy. That's right. So maybe we should modify it. If I make some answers, that doesn't answer the 505 question, because if it gets up to the bankruptcy court and 505 says, whoops, I don't have a final, it hasn't been adjudicated before a judicial tribunal of competent jurisdiction, but they'll still apply that provision you said in recomputing the tax. It will be all harmonious. Bankruptcy court can't avoid that provision. It's just going to redo it. But it can't redo it because partnership items must be determined at the partnership level, and there's no exception. That mantra went out the door when they enacted 505. No, no, no. 505 came in first. TEFRA came in after 505. And, you know, it was 1982. 505 came in in 1978. Mr. Clark, may I interrupt you for just a second? Sure. We have some tax shelters here that the IRS finds to be phony. Right? They're abusive tax shelters. They don't allow the deduction that the partners are taking because they're abusive tax shelters. And so says the IRS, and you determine that under TEFRA, right? Correct. You mean to say the bankruptcy can't say they don't look so phony to us? They look right? That's correct, because the bankruptcy can't. I don't see any of that in 505-A-1. Well, there is a chevron element to this. But before I get to chevron, I think the statute itself, the TEFRA provision is exclusive. It provides the exclusive remedy. That's the substantive law.  Well, I'm going to ask the first gentleman of the IRS and the appeals division one way on the facts, abusive tax shelter, phony tax shelter, we're not going to allow the deductions. And a good-natured bankruptcy judge might, if there is a different culture, see it a different way. Well, not so phony, not so abusive, right? You're going to tell me that 505-A doesn't allow the bankruptcy court to trump the  Yes, because the subsequent, the subsequent enactment of TEFRA provided the rule that partnership items must be determined at the partnership level. Congress took into consideration the effects that bankruptcy might have. It created one rule, one exception on a limitations period if a partner files for bankruptcy, and there are no other exceptions. Now, Congress did create exceptions within the statute itself as to when partnership items might be treated as non-partnership items, in which event they could be determined, you know, outside the scope of these TEFRA proceedings. And, you know, the law is clear that when Congress enacts a mandatory rule, you know, partnership items determined at the partnership level and creates specific exceptions, then no other exception should be implied. I mean, this Court, I would cite to Gelbnis v. Pierce, which is 30F3rd at 1220, said when a statute lists specific exceptions, as TEFRA does, other exceptions are not to be judicially implied. TEFRA came in after bankruptcy, and so it usurped the playing field with respect to the determination of partnership items. Now What do we do then with the – I mean, I understand partnership items have religious context when you're talking about a partnership, but how about the wording of 505-A2? What do we do with that wording? We just – because you had a determination. There's no question about it. You had some kind of a determination before the IRS. Now, do we ignore that when we look at 505-A2, or what do we do with that? Now, our position is – What do we do with 505-A2? It is trumped. It's been trumped by TEFRA. Well, show me how – you're saying it's trumped because you want to say it's trumped. But now how is it trumped? Tell me legally or statutorily how it's trumped. Did TEFRA say so? Okay. Did TEFRA say that our determinations on partnership items at the administrative level have res judicata effect for all purposes? Now, what it says is – It didn't say that, did it? It says – it doesn't use the words res judicata. It says, except as provided in this subchapter, partnership items shall be determined at the partnership level. And this was determined at the partnership level – Tell me what the finality of that decision is, though. Well, there's no – How is it going to trump if there's no finality in relationship to what the bankruptcy is? There is no other legal avenue available to determine partnership items in TEFRA. They could have gone to the tax court or the court of claims. Well, if they had done so within the time allowable, but they didn't. And if you don't, then that's it. Now – Now, when you say that's it, where does it say that's it? For what purposes is it it? Because there's the TEFRA provisions give them mandatory rule that except as set forth herein, partnership items shall be determined at the partnership level, and then it goes on to explain how you can determine – how you can challenge the partnership items at the partnership level. And, you know, if you don't file the action within 150 days, that's it. There is no other legal avenue available to obtain a remedy. Okay. And you're looking for some – Would your argument be any different if the bankruptcy filing had been within 150 days? Yes, because then we have a regulation entitled the Saffron Deference, which is exactly on point, which would grant that relief. I wouldn't remove – but, Judge, we've got the perfect question here, because, Judge Fletcher says, would it apply? We're talking about jurisdiction here. There would be jurisdiction in the Bankruptcy Court. If an action was to – And, no, they're not even mentioned in TEFRA as an appeal from your decision. Oh, it is mentioned in TEFRA. That's the rub. In a regulation that's entitled the Saffron Deference. No, that's not TEFRA. That's a regulation. Well, it's in the rate – well, but a regulation entitled the Saffron Deference is, I think, as binding as a law, essentially, that passes the Saffron test. Where is the TEFRA position that says, once we've got a final administrative decision, it says we can go to the tax court, as I remember the court of claims. Where does it say you can now appeal this decision on the determination of partnership items to the Bankruptcy Court? It doesn't say that, because – Exactly. So answer Judge Fletcher's question. So if in 120 days you file it, does the Bankruptcy Court have jurisdiction? No, because the only way that partnership items can be challenged is within the four corners of the TEFRA statute. And if you don't – if you don't challenge them within those four corners, there is no other legal avenue available. Okay. Legal support for this, city of Palo – city of Rancho Palos Verdes v. Abrams. I mean, it's not a bankruptcy TEFRA matter, but – Yeah, but that – what good does that do? We're talking about specific statutes with specific positions – propositions that interact with each other, and you're giving us black-letter law. I don't see how that helps at all. Well, it sets up the principle, Your Honor, that when Congress creates a comprehensive, specific, detailed remedy, which is intended to usurp the field, then any prior general remedies that might have been available under general statutes are out the window. You don't think that bankruptcy usurps the field? No, I think that – It's the order that stops everything dead in its tracks? I think that TEFRA usurps the field when it says that partnership items must be determined at the partnership level. Well, that may be so between the IRS and the taxpayer, but the bankruptcy court has other interests in mind, such as those of the creditor. And isn't that the purpose, the policy behind 505A, is to allow the creditors to bring an action to challenge a tax which was not challenged because the taxpayer, in this case Central Ag, was in such bad condition that it ultimately had to go into bankruptcy? Well, even a number of courts, and even this Court in the Mann's case, recognized that as a policy behind 505. A policy behind TEFRA is the uniformity of treatment of partnership items. So we have to – there are these two competing policies in the Federal statutes. And, you know, when you have one statute saying that partnership items shall be determined at the partnership level, and there's no exception for bankruptcy, even though in the statute there's some other exception to bankruptcy, but there's no exception to that rule for bankruptcy, and you have a bankruptcy rule saying taxes may be determined by the bankruptcy court, there is at least an ambiguity. You see, we're talking apples and oranges. The first one shall be determined at the bankruptcy level. It doesn't tell you who – excuse me, at the partnership level. It doesn't tell you who gets to make the determination and with what finality. And then over here, 505 says who rather than what. So, I mean, those are not commensurate notions. The TEFRA provisions are specific as to who may make the determination. Yes, but when you say the bankruptcy – the partnership items are to be determined at the partnership level, that phrase doesn't tell you who does that. It just tells you what you're supposed to decide. Well, no, but then – I mean, it's a comprehensive statute. I understand that. But the part of the statute you keep pulling out as if it trumped 505 is the part of the statute that tells what has to be decided rather than who decides it and with what finality. Well, that's the rule. And then the IRS determines it in the first instance. And then there's a right to appeal that IRS determination to the tax court, the U.S. District Court, or the Court of Federal Claims, period. But didn't Congress somehow balance this all out by saying, okay, let's do this. We've got a bankruptcy over here and we've got the tax matters over here. If that determination had gone to the tax court, 505A2 would have to recognize that determination, but it didn't go there. So somebody was balancing this up. I mean, it might be that TEFRA came in later, but it clearly ties together. If you had a tax court decision, we wouldn't be here today. Well, no, we wouldn't be here today, obviously. That's right. But we don't have a tax court decision because of the language of 505A2. And that, I think that's, I mean, at least that's counsel's position. That's his position. We don't have a final, so. Well, there is also a regulation that's directly on point. And the regulation was issued under a specific grant to statutory authority. And Central Valley's position would essentially invalidate that regulation. Well, what if the regulation doesn't follow the law? So what's the law that the regulation came from? And what's the regulation? The regulation came from section 6231C, where Congress specifically delegated to the Treasury the authority to determine whether there are any special enforcement areas in which special rules should apply. And one special rule specifically noted by Congress was that in a special enforcement area, the IRS may deem partnership items to be nonpartnership items, in which event they can be determined at a partner level proceeding. The Secretary, pursuant to that specific grant of authority, determined that bankruptcy was a special enforcement area, and there is a limited rule granting some relief for bankruptcy, which is that if you, when a bankruptcy petition is filed, the partnership items are converted to nonpartnership items, except if a notice of final partnership adjustment has been issued and nobody has timely filed a petition in court challenging it. That's right. And so the partners who are not in bankruptcy will just go ahead and the stay in bankruptcy won't affect them. It doesn't say anything about what happens to the partner who's now in bankruptcy. Well, it doesn't, because, you know, if the petition is filed after that 150-day period, then you're in a general rule of TEFRA that you're only allowed to challenge the partnership items up until 150 days after the issuance of the FPA. You know, I mean, I think that these two competing statutes at the very least create an ambiguity. You know, the bankruptcy court may determine any tax liability, if you assume tax liability to include partnership items, but partnership items must be determined at a partnership level proceeding. At the very least, there's an ambiguity there. And under Chevron and a case such as National Cable and Telecommunications Association v. Brandex, you know, that regulation is to be deferred to unless it is arbitrary or capricious or manifestly contrary to law. Well, you know, I would submit that under Chevron and Brandex, you know, this was a reasonable policy choice for the Treasury to make, because it comports entirely with the TEFRA policy. Thank you, Your Honor. Thank you very much. Mr. Reddy, would you please address the last point made by Mr. Clark, that if an ambiguity exists between 505A and TEFRA, the regulations adopted by IRS, forget about any regulations under bankruptcy, should be given Chevron deference? Well, but there are – even if we assume there is an ambiguity and we should go to that next step, there isn't a regulation on point that addresses this situation that says that Central Valley cannot invoke 505A to have its tax liability determined. There isn't a regulation that exists. Administrative practice. I'm sorry? If we don't find any regulation which is directly on point, Chevron deference gives less deference, but some deference, to administrative practice, right? Some deference. But again, we're dealing with the bankruptcy code, which we all recognize is a creature of its own, and these are rights that Congress gave to debtors. And so should add – should the IRS appeals division, which is just an IRS employee, trump the bankruptcy code implemented by Congress in this case? And Central Valley's position would be on that, that it shouldn't. Well, that Chevron discussion, though, is valid. What happens is – it's a question as Judge Fletcher said, who's going to make the determination? Once you get to bankruptcy court, you argue Chevron, you argue anything you want. You're going to redetermine the tax. Bankruptcy – the bankruptcy judge may say, hey, I'm taking Chevron. I think what they did is exactly right. Bingo. Same decision. But the point is, can he make that decision? Can the bankruptcy court make that decision? That's our only issue, isn't it? Right. And our position is that the bankruptcy court can. And they would apply all these principles. Correct. They would apply the tax law. They'd apply Chevron. They'd apply anything they could find. Correct. Right. They're still bound by whatever the laws are with respect to Tefra. There's a hint here that they're going to make up – that the bankruptcy code is going to make up the law on taxes. The bankruptcy code will follow the tax law because that's the law that it will be determining, the taxpayer's obligation. Correct. Is that correct? Correct. That's Central Valley's position. You didn't go into bankruptcy in order to get out from underneath the tax law? I wasn't involved in the underlying bankruptcy. So your position is that in the bankruptcy court, you can attack the mixed question of fact and law, which is, was this an abusive tax shelter should these deductions have been allowed? Sure. If that's an issue, sure. And you don't have to give any deference to the determination by the tax authorities, IRS, that they found it to be abusive? Well, that's – the judge can do that. If the judge feels that that's appropriate, the bankruptcy judge or district court judge, I'm sure they will look at what the IRS appeals officer did in conjunction with what the law is and come to a conclusion. Why should they look at it? I mean, that's just hearsay, isn't it? Well, I don't know what the bankruptcy judge will do here, but that – certainly, I'm sure the IRS will come in as part of its position and argue the same positions that were made. They'll have to argue it from scratch. They won't be able to use the administrative determination of the appeals division. They may or may not. We haven't gotten to that step yet. So that would probably be an evidentiary issue. Well, but they'd almost have to because the tax return, the informational tax return, is the basis for establishing the tax. And the forms that delegate the various gains and losses will have to be before the bankruptcy court, just as they would be before the tax court. The tax court could have turned around and said this is crazy. This is not a tax shelter. Any court who's going to look at it would do the same thing, I suppose. Correct. That's the position of Central Valley. Thank you very much. Central Valley Ag Enterprises v. United States is submitted for decision. Thank you very much for your useful arguments. We truly did save the best for last. We are now in adjournment until tomorrow morning. Thank you. This court for this session stands adjourned.
judges: Brunetti, W. Fletcher, Bea